UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THE BANK OF NEW YORK MELLON,
F/K/A THE BANK OF NEW YORK
AS SUCCESSOR IN INTEREST TO
JPMORGAN CHASE BANK, N.A.
AS TRUSTEE FOR NOVASTAR                       DECISION AND ORDER
MORTGAGE FUNDING TRUST,
SERIES 2004-4, NOVASTAR HOME                  25-CV-6213
EQUITY LOAN ASSET-BACKED
CERTIFICATES, SERIES 2004-4,

                                        Plaintiff,

-vs-

MARGARET TUFINO A/K/A MARGARET
F. TUFINO F/K/A MARGARET F. COOK,

                                        Defendant.

---

Plaintiff The Bank of New York Mellon (the "Bank") commenced this action on April 18, 2025 pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL"). ECF No. 1. Now before the Court is the Bank's application for a default judgment of foreclosure and sale against Defendant Margaret Tufino. ECF Nos. 7, 7-23. For the reasons stated below, the Court cannot grant Plaintiff's application on the present record. Plaintiff may supplement the record as discussed below within 30 days of the date of this Order, or the motion will be dismissed without prejudice.

## BACKGROUND

The Bank, a citizen of New York, is successor in interest to JPMorgan Chase Bank, N.A., as Trustee for NovaStar Mortgage Funding Trust, Series 2004-4,

1

NovaStar Home Equity Loan Asset-Backed Certificates, Series 2004-4. ECF No. 1 ¶ 2. According to the Complaint, on or about November 12, 2004, Tufino, a resident and citizen of the state of South Carolina, delivered a promissory note to NovaStar Mortgage, Inc. promising to repay the sum of $91,800 in monthly payments with interest (the "Loan"). *Id.* ¶ 6. As collateral security for repayment of the Loan, Tufino executed a mortgage against real property commonly known as 38 South Street in Cuba, New York (the "Mortgage"), which was duly recorded in the Allegany County clerk's office on November 19, 2004. *Id.* ¶¶ 1, 7; *see also* ECF No. 7-2.

In June 2011, the Loan was modified by a loan modification agreement creating a new Mortgage amount of $126,324.68. *Id.* ¶ 8. In May 2017, the Loan was further modified creating a new Mortgage amount of $177,127.59. *Id.* ¶ 9. In March 2019, the Loan was again modified, creating a new Mortgage amount of $150,108.02. *Id.* ¶ 10. The Mortgage was later transferred to the Bank via an assignment of mortgage. *Id.* ¶ 11.

In June 2023, Tufino defaulted on the Loan. *Id.* ¶ 15. On July 10, 2023, the servicer of the Loan mailed Tufino a letter which read, in part:

> YOU MAY BE AT RISK OF FORECLOSURE.
> PLEASE READ THE FOLLOWING NOTICE CAREFULLY
>
> As of 07/10/2023, your home loan is 39 days and $3,934.03 dollars in default.
>
> Under New York State Law, we are required to send you this notice to inform you that you are at risk of losing your home.
>
> Attached to this notice is a list of government approved housing counseling agencies in your area which provide free counseling.

ECF No. 7-19. Plaintiff further complied with the provisions of RPAPL § 1304 and § 1306 as the circumstances required. ECF No. 1 ¶ 16; ECF No. 7-20.

The Bank commenced this action by filing a Summons and Complaint in this Court on April 18, 2025. ECF No. 1. On May 12, 2025, a process server personally served the Summons and Complaint on Tufino at her residence in South Carolina, along with exhibits, the civil cover sheet, and:

> [T]he Notice required by RPAPL 1320 and by RPAPL Section 1303, which Notice as served, was printed on yellow paper, the title of the Notice appeared to be in bold 20-point type, and the text appeared to be in bold, 14-point type bearing Civil Action #6:25-CV-06213-MAV . . . .

ECF No. 4. On May 19, 2025, the Bank filed a Notice of Pendency with the Allegany County Clerk. ECF No. 7-3.

On June 4, 2025, the Bank requested a Clerk's Entry of Default, and an Entry of Default was entered on June 5, 2025. ECF Nos. 5–6. On July 7, 2025, the Bank filed the motion for default judgment and judgment of foreclosure and sale presently before the Court. ECF No. 7. After adjourning the motion for 60 days at the Bank's request to await the outcome of loss mitigation efforts, the Court deemed the matter submitted on the papers on October 10, 2025. ECF Nos. 10–12.

Despite proper service of the Summons and Complaint, as well as the motion for judgment of foreclosure and sale (ECF Nos. 4, 9), Tufino has not appeared in this action either on her own behalf or through counsel. *See also* ECF Nos. 11–12 (indicating the Court's text orders regarding this matter were mailed to Tufino in South Carolina).

## LEGAL STANDARD

"Before entering a default judgment, the court must ensure that (1) jurisdictional requirements are satisfied, (2) the plaintiff took all required procedural steps in moving for a default judgment, and (3) the plaintiff's allegations establish the defendant's liability as a matter of law." *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, 712 F. Supp. 3d 324, 330 (E.D.N.Y. 2024) (citation omitted).

Default judgment is governed by a two-step process established in Rule 55 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). *See* Fed. R. Civ. P. 55; *Priestly v. Headminder, Inc.*, 647 F.3d 497, 504–05 (2d Cir. 2011). The first step of the process requires the moving party to obtain a certificate of default from the Clerk of the Court. Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may move to the second step of the process: an application for entry of a default judgment. Fed. R. Civ. P. 55(b).

Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). However, a clerk's entry of default does not lead to default judgment as a matter of right. *Shah v. N.Y. State Department of Civil Services*, 168 F.3d 610, 615 (2d Cir. 1999) (internal quotations omitted). Rather, "prior to entering default judgment, a district court is

'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).

"'[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party.'" *United States v. Herbster*, 726 F. Supp. 3d 175, 179 (W.D.N.Y. 2024) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). Further, "[t]here must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citations omitted).

## DISCUSSION

Here, the Bank has sufficiently pled diversity jurisdiction: the only Plaintiff, the Bank, was chartered by and, is a citizen of, the State of New York; the only defendant, Tufino, is a resident and citizen of South Carolina; and, the matter in controversy is over $75,000. 28 U.S.C. § 1332(a); ECF No. 1 ¶ 2–4. Further, the Bank has followed the appropriate two-step procedure under Fed. R. Civ. P. 55: the Bank requested and obtained an entry of default in June 2025 in satisfaction of Fed. R. Civ. P. 55(a), and only subsequent to the entry of default did the Bank file for default judgment under Fed. R. Civ. P. 55(b). ECF Nos. 5–7.

With respect to whether or not the Bank has demonstrated Tufino's liability as a matter of law, however, the Court notes a tension between the caselaw cited by the Bank regarding its burden and other caselaw within this Circuit. The Bank maintains that it is entitled to default judgment because, having provided proof of the mortgage, the unpaid note, and evidence of Tufino's default, it has established a prima facie entitlement to judgment that can only be overcome by an affirmative showing by Tufino. ECF No. 7-22 (citing, *inter alia, U.S. v. Watts*, No. 13-cv-3211, 2014 WL 4275628 (E.D.N.Y. May 28, 2014)). Nevertheless, multiple other cases within both this District and this Circuit require that in addition to providing proof of the note, the mortgage, and default, the Bank must also show it has satisfied the procedural requirements of New York RPAPL and New York Civil Practice Law and Rules ("CPLR"). *See, e.g., Freedom Mortg. Corp. v. Thomas*, 736 F. Supp. 3d 163, 166 (W.D.N.Y. 2024) (citing *CIT Bank N.A. v. Schiffman*, 168 N.E.3d 1138 (2021); *Ditech Fin. LLC v. Sterly*, No. 5:15-cv-1455 (MAD/TWD), 2016 WL 7429439, at *4 (N.D.N.Y. Dec. 23, 2016)).

After a thorough review of the recent caselaw on the matter, the Court finds that the latter standard is more consistent with the Court's "duty to do justice in the particular case." *Enron Oil Corp.*, 10 F.3d at 96.

## I. The Requirements for Foreclosure

"In a mortgage foreclosure action under New York law, a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt." *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012) (citations

6

omitted). These three elements are frequently referred to as the "common law elements" of a foreclosure action. *See, e.g., Nationstar Mortg. LLC v. Robinson*, No. 18-CV-6590-FPG, 2020 WL 1465861, at *3 (W.D.N.Y. Mar. 26, 2020).

Further, the lender must comply with particular procedural requirements set forth in New York's RPAPL and CPLR. *Thomas*, 736 F. Supp. 3d at 166. For instance, the lender in actions involving private residences must provide the borrower with a notice 90 days before commencing the action that informs the borrower "YOU MAY BE AT RISK OF FORECLOSURE." RPAPL § 1304. Within three business days of mailing the 90-day notice under § 1304, the lender must also file certain information with the Superintendent of the New York State Department of Financial Services. RPAPL § 1306. "Courts in this Circuit have concluded that compliance with §§ 1304 and 1306 is not an affirmative defense, but, rather, a prerequisite that 'the plaintiff has the burden of establishing.'" *Freedom Mortg. Corp. v. Cadet*, No. 19CIV3158RRMVMS, 2023 WL 6594017, at *3 (E.D.N.Y. Mar. 10, 2023), *report and recommendation adopted*, No. 19CV3158RRMVMS, 2023 WL 6358070 (E.D.N.Y. Sept. 29, 2023) (collecting cases).

In addition to satisfying the requirements of RPAPL §§ 1304 and 1306, lenders foreclosing on residential properties must serve with the summons and complaint a notice entitled "Help for Homeowners in Foreclosure" that meets specific formatting requirements. RPAPL § 1303. Where the residential properties contain "not more than three units," the foreclosing lender must also serve with the summons and complaint a special notice informing the borrower "YOU ARE IN DANGER OF

7

LOSING YOUR HOME." RPAPL § 1320.

Besides notice to the borrowers and the Department of Financial Services, New York law further requires the foreclosing lender to file a notice of pendency in the clerk's office of the county in which the mortgaged property is situated at least 20 days prior to final judgment. RPAPL § 1331. CPLR § 6511(b) requires that the notice of pendency state, among other things, the names of the parties to the action, the object of the action, and a description of the property affected. CPLR § 6511(a) requires that "[u]nless it has already been filed in that county, the complaint shall be filed with the notice of pendency." The failure to file a complaint with the notice renders Plaintiff's notice defective and void. *See, e.g., Freedom Mortg. Corp. v. Bushey*, No. 23-CV-6192-FPG, 2023 WL 8230173, at *3 (W.D.N.Y. Nov. 28, 2023) (collecting cases). Accordingly, other courts within this Circuit have denied a motion for default judgment where the plaintiff has failed to provide proof of filing "a procedurally-compliant notice of pendency." *Nationstar Mortg. LLC v. Nedza*, 315 F. Supp. 3d 707, 711 (W.D.N.Y. 2018) (collecting cases denying default judgment on this basis).

In the instant case, the Bank has satisfied the "common law elements" of a foreclosure action. As exhibits attached both to the Complaint and to the instant motion, the Bank has provided copies of the Loan document (promissory note) and the loan modification agreements, as well as the Mortgage. ECF Nos. 7-12 to 7-18. In addition, the Bank has provided an affidavit of Claribel Lopez, Contract Management Coordinator of the Bank's mortgage servicing provider, that serves as sufficient evidence of Tufino's default. ECF Nos. 7-9, 7-21.

Moreover, the Bank has demonstrated that it has complied with *most* of the various procedural requirements set forth under both the RPAPL and the CPLR. *Ditech Fin. LLC*, 2016 WL 7429439 at *4. It has submitted evidence showing that it filed, sent, or served, as required: the 90-day letter required by § 1304 (ECF No. 7-19); the filing with the Department of Financial Services required by § 1306 (ECF No. 7-21); and, the notices to residential borrowers required by §§ 1303 and 1320 (ECF No. 4). In addition, the Bank provided evidence that it filed a notice of pendency with the Allegany County clerk's office consistent with § 1331. ECF No. 7-3.

Nevertheless, it is not clear from the Bank's filings that it has complied with CPLR § 6511(a), which requires that, unless a copy of the complaint has already been filed in that county, the complaint shall be filed with the notice of pendency. As indicated above, courts in this District have frequently denied a plaintiff's motion for default judgment for failure to file a procedurally-compliant notice of pendency. *Nedza*, 315 F. Supp. at 711. Accordingly, the Court cannot grant the Bank's motion for default judgment on the present record.

## II. Plaintiff's Damages

Yet while the Court cannot grant the Bank's motion at this time, the Court observes that in addition to demonstrating that it has satisfied both the common law elements and the majority of the procedural requirements for foreclosure, the Bank has also adequately demonstrated its damages.

To begin with, the declaration of Contract Management Coordinator Lopez and supporting documentation adequately supports the grand total of damages of

9

$165,130.12 requested in the proposed judgment of foreclosure and sale submitted by the Bank. ECF Nos. 7-9, 7-23. Furthermore, as the Bank states, the mortgage agreement clearly provides that Plaintiff may collect its costs and expenses, including attorney's fees. *See* ECF Nos. 7-6, 7-13; *see also, e.g., United States v. Carter*, No. 5:19-CV-1130, 2020 WL 819320, at *2 (N.D.N.Y. Feb. 19, 2020) (discussing the standard for awarding attorney's fees).

With respect to attorney's fees, "courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that attorney's fees must be based on contemporaneous time records specifying relevant dates, time spent and work done.'" *Nedza*, 315 F. Supp.3d at 713. The Bank's affidavit of Melissa DiCerbo and her supporting documentation are sufficient to meet those requirements. ECF No. 7-6. The Bank seeks attorney's fees of $ 6,800.00, but Attorney DiCerbo has submitted an itemized time sheet and billing rate information for both attorneys and paralegals that shows, in fact, that the Bank received $ 7,140.00 worth of services. *Id.* She has also submitted an itemized list of costs and disbursements totaling $1,599.50 that is both reasonable and supported by the record. ECF No. 7-5; *see also Robinson*, 2020 WL 1465861, at *5.

The Court would like to point out a single defect regarding the costs of this action, however, for the Bank to cure on its next submission. On page four of the proposed judgment of foreclosure and sale (ECF No. 7-23), the "FOURTH" paragraph contains two blank spaces that seem to call for specific dollar amounts the referee of

10

the foreclosure sale is authorized to pay out of the proceeds of the sale. In its next filing, the Bank is directed to clarify the amounts that should be placed in those blanks.

## CONCLUSION

For the foregoing reasons, the Court finds that it cannot, at this time, award default judgment to Plaintiff. However, the Bank may, within 45 days of the date of this order, submit an affidavit and supporting materials curing the deficiencies identified above in its filings regarding the notice of pendency, and its proposed judgment of foreclosure and sale.

If the Bank fails to cure these deficiencies within that time, its motion for default judgment shall be dismissed without prejudice.

SO ORDERED.

Dated:      November 25, 2025
            Rochester, New York

ENTER:

_____
HON. MEREDITH A. VACCA
United States District Judge